

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



------------------------------------------------------------ x

CHRISTOPHER LONG,                                            x

      Plaintiff,                    x   **COMPLAINT**

   -against-                                        x   **JURY TRIAL DEMANDED**

            x   09-CV-

THE CITY OF NEW YORK, a municipal entity;                   x
NEW YORK CITY POLICE OFFICER
PATRICK POGAN (Shield No. 28957),                           x
individually and in his official capacity; and
NEW YORK CITY POLICE OFFICER                                x
JOHN DOE No. 1 and NEW YORK CITY
POLICE SUPERVISORS RICHARD ROES                             x
Nos. 1 & 2, individually and in their official
capacities,                                                 x

      Defendants.                   x

------------------------------------------------------------ x



### PRELIMINARY STATEMENT

1.   This is a civil rights action in which plaintiff CHRISTOPHER LONG

seeks relief for defendants' violation, under color of state law, of their rights, privileges and

immunities secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the First, Fourth, Fifth and

Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the

State of New York, on or about July 25, 2008.

2.   Defendants, THE CITY OF NEW YORK, a municipal entity; NEW

YORK CITY POLICE OFFICER PATRICK POGAN (Shield No. 28957), with the acquiescence

of NEW YORK CITY POLICE OFFICER JOHN DOE No. 1 and NEW YORK CITY POLICE

SUPERVISORS RICHARD ROES No. 1 & 2, all acting individually and in their official

capacities, did cause plaintiff CHRISTOPHER LONG to be subject to, *inter alia*, excessive and

unreasonable force and false arrest and imprisonment causing him physical and mental injury.

3.     Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney fees and costs, and such other and further relief as the Court deems proper.

## JURISDICTION

4.     Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (3) and  (4), as this action seeks redress for the violation of plaintiffs' constitutional and civil rights.

5.     Plaintiff's claim for declaratory relief is authorized by 28 §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

6.     Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7.     Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to plaintiff's claims occurred.

## JURY DEMAND

8.     Plaintiff demands trial by jury in this action on each and every one of his claims.

## PARTIES

9.      Plaintiff CHRISTOPHER LONG is a citizen of the United States, and is and was at all times relevant herein a resident of Bloomfield, New Jersey.

10.      Defendant CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers.

11.      Defendant PATRICK POGAN (Shield No. 28957), is or was at all times relevant to this complaint, a police officer employed by the New York City Police Department ("NYPD").

12.      Defendant JOHN DOE No. 1, is or was, at all times relevant to this complaint, a police officer employed by the NYPD.

13.      Defendant RICHARD ROES Nos. 1 & 2, are or were at all times relevant to this complaint, a police supervisor employed by the NYPD.

14.      Defendants PATRICK POGAN, JOHN DOE No. 1 and RICHARD ROES Nos. 1 & 2 (collectively, "the individual defendants") are, or at all times relevant to the complaint, were, employees, agents, servants, and/or officers of the City of New York and/or NYPD.

15.      At all times relevant herein, each of the individual defendants acted under color of law in the course and scope of his or her duties and functions as an agent, employee, servant and/or officer of the City and/or NYPD in engaging in the conduct described herein.

3

16.     At all times relevant herein, the individual defendants have acted for and on behalf of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as officers, agents, employees, and/or servants of the City and/or NYPD.

17.     At all times relevant herein, the individual defendants violated clearly established constitutional standards under the First, Fourth, Fifth and Fourteenth Amendments of which a reasonable police officer and/or public official under his or her respective circumstances would have known.

## COMPLIANCE WITH GENERAL MUNICIPAL LAW

18.     Plaintiff served a notice of claim upon defendant CITY OF NEW YORK within 90 days of the events giving rise to plaintiff's claims and has otherwise complied with the statutory requirements of the General Municipal Law of the State of New York, including appearing for a 50-h hearing on or about January 16, 2009.

19.     Although more than 30 days have elapsed since service of plaintiff's notice of claim, defendant CITY OF NEW YORK has neglected to adjust or pay such claims.

20.     This action is being filed within a year and 90 days of the events giving rise to plaintiff's claims.

## STATEMENT OF FACTS

21.     On the night of Friday, July 25, 2008, plaintiff CHRISTOPHER LONG participated in a Critical Mass bicycle ride in the City of New York.

22.     During the Critical Mass ride, plaintiff proceeded southbound on Seventh Avenue from 48th Street.

23.     Plaintiff was proceeding in the same direction as vehicular traffic on

4

Seventh Avenue.

24.     Plaintiff was not blocking or impeding vehicular traffic on Seventh Avenue.

25.     Plaintiff entered the block of Seventh Avenue between 47th Street and 46th Street.

26.     Defendants Officer PATRICK POGAN and Officer JOHN DOE No. 1 were standing approximately in the middle of the street of Seventh Avenue in the block between 47th Street and 46th Street.

27.     As plaintiff was continuing southbound in the left hand lane of Seventh Avenue, he steered further to the left to give defendant POGAN a wider berth.

28.     Defendant POGAN took approximately five steps toward plaintiff.

29.     Using both of his hands, and without any lawful justification, defendant POGAN forcefully pushed plaintiff off of his moving bicycle.

30.     Plaintiff landed on the ground on his back.

31.     At no time prior to defendant POGAN's pushing plaintiff off his bicycle did plaintiff engage in any conduct that could reasonably be construed as endangering or threatening defendant POGAN or any other individual.

32.     The use of force by defendant POGAN against plaintiff was objectively unreasonable in light of the circumstances then and there prevailing, and as such constituted excessive force against plaintiff's person, causing him injury.

33.     Defendant JOHN DOE No. 1 watched defendant POGAN walk toward plaintiff and push plaintiff off his bicycle, but did nothing to intervene.

34.     A civilian reached down and pulled plaintiff to his feet.

35.     Plaintiff stepped toward his bicycle.

36.     Defendants POGAN and JOHN DOE No. 1 then tackled plaintiff from behind.

37.     At no time prior to being tackled had plaintiff been told by any police officer either to stop or that he was under arrest.

38.     At no time prior to being tackled did plaintiff engage in any conduct that could reasonably be construed as endangering or physically threatening a police officer or any other individual.

39.     Defendants POGAN and JOHN DOE No. 1 dragged plaintiff onto the east sidewalk of Seventh Avenue.

40.     While plaintiff was face down on the cement, defendant POGAN kneeled on plaintiff's head.

41.     Defendants POGAN and/or JOHN DOE No. 1 tightly handcuffed plaintiff behind his back.

42.     The force used against plaintiff by defendants was objectively unreasonable in light of the circumstances then and there prevailing, and as such constituted excessive force against plaintiff's person, causing him injury.

43.     Upon information and belief, plaintiff's arrest and the force used against him were carried out with the knowledge and approval of defendant police supervisor RICHARD ROE No. 1 who was present and did not intervene.

44.     Defendants transported plaintiff to the Midtown South Precinct.

6

45.     Plaintiff was fingerprinted at the precinct and held in a cell.

46.     Plaintiff was not told why he had been arrested.

47.     Upon information and belief, either at the arrest location and/or at the precinct, defendants POGAN, JOHN DOE No. 1, RICHARD ROE No. 1 and/or RICHARD ROE No. 2 discussed and agreed that POGAN would provide an intentionally and willfully false account of what had occurred in order to cover up defendants' unlawful and unjustified conduct toward plaintiff.

48.     Defendant POGAN prepared arrest paper work containing an intentionally and willfully false account of what had occurred.

49.     Defendant police supervisor RICHARD ROE No. 1 or RICHARD ROE No. 2 reviewed and approved the arrest paper work prepared by defendant POGAN, knowing it contained an intentionally and willfully false account of what had occurred.

50.     In the early morning hours of Saturday, July 26, plaintiff was taken from the precinct to Manhattan Central Booking.

51.     At approximately 4 a.m., at Manhattan Central Booking, plaintiff was given access to a phone for the first time since being taken into custody.

52.     Plaintiff spent approximately 24 hours at Central Booking detained with general population arrestees.

53.     At approximately 2 a.m. on Sunday, July 27, plaintiff was arraigned on charges of Attempted Assault in the Third Degree, Resisting Arrest and Disorderly Conduct.

54.     The criminal court complaint, sworn to by defendant PATRICK POGAN, falsely accused plaintiff of, among other things, driving his bicycle into POGAN's body, causing

7

HOGAN to fall to the ground.

55.     Plaintiff pled "Not Guilty" at arraignment and was released on his own recognizance.

56.     Shortly after plaintiff's release, a video of defendant POGAN pushing plaintiff off his bicycle became public.

57.     Following the release of this video, the Office of the New York County District Attorney dismissed all charges against plaintiff at his first court appearance in September of 2008.

58.     The NYPD took away defendant POGAN's badge and weapon and assigned him to desk duty, pending further investigation.

59.     In December of 2008, defendant POGAN was indicted in New York County Criminal Court on felony charges of falsifying a business record and filing a false instrument in connection with plaintiff's arrest.

60.     In February of 2009, defendant POGAN left the New York City Police Department.  It was reported in the press that he was fired.

61.     As a direct and proximate result of the actions and conduct of the defendants described above, plaintiff CHRISTOPHER LONG suffered deprivation of his constitutional and state law rights; physical and psychological injuries; pain and suffering; emotional distress; loss and damage to property; legal fees and medical and legal expenses.

## FIRST CAUSE OF ACTION
(Constitutional Violations - 42 U.S.C. § 1983)
Against POGAN, JOHN DOE No. 1 and RICHARD ROES Nos. 1 & 2

62.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

63.     Defendants, under color of state law, subjected plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

A.      freedom to engage in protected speech, expression and association;

B.      freedom from unreasonable seizure of his person, including the excessive use of force;

C.      freedom from arrest without probable cause;

D.      freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiff was aware and did not consent;

E.      freedom from the lodging of false charges against him by police;

F.      freedom from malicious prosecution by police, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor;

G.      freedom from abuse of process;

H.      freedom from deprivation of liberty without due process of law;

9

I.       the right to a fair trial; and

J.       equal protection, privileges and immunities under the laws.

64.      Defendants' deprivation of plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CAUSE OF ACTION
(Failure to Intervene - Fourth Amendment - 42 U.S.C. § 1983)
Against JOHN DOE No. 1

65.      Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

66.      Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the Police Department employing unjustified and excessive force against a civilian or falsely arresting a civilian.

67.      Defendant JOHN DOE No. 1 was present on the night of July 25, 2008 on Seventh Avenue between 46th Street and 47th Street and witnessed defendant POGAN walk toward plaintiff CHRISTOPHER LONG and intentionally push LONG off of his moving bicycle and subsequently participated with defendant POGAN in a second unjustified assault in tackling and arresting plaintiff LONG.

68.      Defendant POGAN's use of force against plaintiff was obviously excessive and unjustified under the circumstances yet defendant JOHN DOE No. 1 failed to take any action or make any effort to intervene, halt or protect plaintiff CHRISTOPHER LONG from being subjected to further excessive force by defendant POGAN, or to report this excessive and

10

unjustified use of force.

69.     The arrest of plaintiff LONG and the initiation of criminal charges against him was clearly without probable cause or other legal justification, and was based on facts alleged by defendant POGAN which defendant JOHN DOE No. 1 knew to be false, yet defendant JOHN DOE No. 1 failed to take any action or make any effort to intervene, halt or protect plaintiff from being unlawfully and wrongfully arrested and prosecuted.

70.     Defendant JOHN DOE No. 1's violation of plaintiff's constitutional rights by failing to intervene in defendant POGAN's clearly unconstitutional use of force and plaintiff's unconstitutional arrests resulted in the injuries and damages set forth above.

## THIRD CAUSE OF ACTION
(Individual Supervisory Liability - 42 U.S.C. § 1983)
Against RICHARD ROES Nos. 1 & 2

71.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

72.     Individual defendants RICHARD ROES Nos. 1 & 2 were, at all relevant times, supervisors in the NYPD, with oversight and supervision over defendant police officers POGAN and JOHN DOE No. 1, and, on information and belief, were aware of and expressly or tacitly approved the referral of LONG's arrest to the District Attorney for the purpose of bringing criminal charges against LONG.

73.     At the time defendants RICHARD ROES Nos. 1 & 2 were aware of and expressly or tacitly approved the referral of LONG's arrest to the District Attorney for the purpose

11

of bringing criminal charges against LONG, they knew or should have known that defendant police officer POGAN was providing a false and misleading account of his interaction with LONG.

74.     Notwithstanding this knowledge of POGAN's falsification of his interaction with LONG, defendants RICHARD ROES Nos. 1 & 2 expressly or tacitly approved the referral of LONG's arrest to the District Attorney and did so deliberately and for the purpose of, *inter alia*, covering up the wrongful conduct of officers POGAN and JOHN DOE No. 1.

75.     The conduct of defendants RICHARD ROES Nos. 1 & 2 was done intentionally and wilfully and with deliberate indifference to LONG's constitutional rights and directly and proximately caused the injuries and damages to plaintiff set forth above.

### FOURTH CAUSE OF ACTION
(Conspiracy to Violate Civil Rights - 42 U.S.C. § 1983)
Against POGAN, JOHN DOE No. 1 and/or RICHARD ROES Nos. 1 & 2

76.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs if fully set forth herein.

77.     Upon information and belief, defendants POGAN, JOHN DOE No. 1, RICHARD ROE No. 1 and/or RICHARD ROE No. 2 discussed and agreed that POGAN would provide an intentionally and willfully false account of what had occurred in order to cover up defendants' unlawful and unjustified conduct toward plaintiff.

78.     Upon information and belief, defendants POGAN, JOHN DOE No. 1, RICHARD ROE No. 1 and/or RICHARD ROE No. 2 reached an explicit or tacit understanding to inflict a wrong against and/or injury upon plaintiff, namely to violate plaintiff's constitutional rights by falsely accusing him of having engaged in unlawful conduct.

79.     Defendant POGAN's preparation of arrest paper work containing an intentionally and willfully false account of what had occurred; defendant police supervisor RICHARD ROE No. 1 or RICHARD ROE No. 2's review and approval of the arrest paper work prepared by defendant POGAN, knowing it contained an intentionally and willfully false account of what had occurred; defendants' forwarding this intentionally and willfully false paperwork to the District Attorney's office for the purpose of causing criminal charges to be lodged against plaintiff; upon information and belief, defendant POGAN's verbal confirmation and/or reiteration of the false account of what had occurred to the representative(s) of the District Attorney's office; and defendants JOHN DOE No. 1, RICHARD ROE No. 1 and/or RICHARD ROE No. 2's failure to intervene to prevent POGAN from creating a false account of what had occurred or to prevent criminal charges from being lodged against plaintiff based on POGAN's false account constituted overt acts in furtherance of defendants' conspiracy to violate plaintiff's constitutional rights.

80.     The conduct of defendants POGAN, JOHN DOE No. 1, RICHARD ROE No. 1 and/or RICHARD ROE No. 2 was done intentionally and wilfully and directly and proximately caused the injuries and damages to plaintiff set forth above.

### FIFTH CAUSE OF ACTION
(Respondeat Superior)
Against CITY OF NEW YORK

81.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs if fully set forth herein.

82.     Defendant CITY is liable for the actions of the individual defendants

under the doctrine of *respondeat superior*.

## SIXTH CAUSE OF ACTION
(New York State Constitutional Violations)
Against POGAN, JOHN DOE No. 1 and RICHARD ROES Nos. 1 & 2

83.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

84.     Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, Article I, §§ 6, 8, 11, and 12, including their rights of:

A.      freedom to engage in protected speech, expression and association;

B.      freedom from unreasonable seizure of his person, including The use of excessive force;

C.      freedom from arrest without probable cause;

D.      freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which plaintiff is aware and does not consent;

E.      freedom from the lodging of false charges against him by police ;

F.      freedom from malicious prosecution by police, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor;

G.      freedom from abuse of process;

H.      freedom from deprivation of liberty without due process of law;

I.      right to a fair trial; and

14

J.      equal protection, privileges and immunities under the laws.

85.     Defendants' deprivation of plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth above.

## SEVENTH CAUSE OF ACTION
(False Arrest)
Against POGAN, JOHN DOE No. 1 and RICHARD ROES Nos. 1 & 2

86.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

87.     Acting under color of law, defendants POGAN, JOHN DOE No. 1 and RICHARD ROES Nos. 1 & 2 unlawfully caused, ordered, approved and/or knowingly failed to prevent plaintiff's arrest without probable cause or other legal justification.

88.     The individual defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## EIGHTH CAUSE OF ACTION
(False Imprisonment)
Against POGAN, JOHN DOE No. 1 and RICHARD ROES Nos. 1 & 2

89.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

90.     Acting under color of law, defendants defendants POGAN, JOHN DOE No. 1 and RICHARD ROES Nos. 1 & 2 unlawfully caused, ordered, approved and/or knowingly failed

to prevent plaintiff's wrongful detention, thereby depriving him of his liberty without good faith, reasonable suspicion or other legal justification.

91.    Plaintiffs was conscious of, and did not consent to, his confinement.

92.    The individual defendants committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

### NINTH CAUSE OF ACTION
(Malicious Prosecution)
Against POGAN and RICHARD ROE No. 1 and/or 2

93.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

94.    Defendant POGAN and RICHARD ROE No. 1 and/or 2, acting under color of law, commenced and continued, and/or caused to be commenced and continued, a criminal prosecution against plaintiff that was lacking in probable cause, instituted in malice, and which ultimately terminated in plaintiff's favor.

95.    Defendant POGAN and RICHARD ROE No. 1 and/or 2 committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## TENTH CAUSE OF ACTION
(Assault and Battery)
Against POGAN and JOHN DOE No. 1

96.     Plaintiffs reallege and incorporate by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

97.     Defendants POGAN and JOHN DOE No. 1, without just cause, wilfully and maliciously touched plaintiff without his authorization and used physical force on plaintiff, causing plaintiff to suffer injury.

98.     Defendants POGAN and JOHN DOE No. 1 committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.


## ELEVENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
Against POGAN

99.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

100.    Defendant POGAN, by his aforementioned acts, did intentionally, willfully, and knowingly cause plaintiff to suffer mental and emotional distress, and pain and suffering.

101.    Defendant POGAN committed the foregoing acts intentionally, willfully and with malicious disregard for plaintiff's rights and is therefore liable for punitive damages.

## TWELFTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
Against POGAN

102.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

103.    Defendant POGAN, by his aforementioned acts, did negligently cause plaintiff to suffer mental and emotional distress and pain and suffering.

## THIRTEENTH CAUSE OF ACTION
(Negligence of the Individual Defendants)
Against POGAN, JOHN DOE No. 1 and RICHARD ROES Nos. 1 & 2

104.    Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein. allegation above as if fully set forth herein.

105.    Defendants POGAN, JOHN DOE No. 1 and RICHARD ROES Nos. 1 & 2, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

a.    failed to perform their duties as a reasonably prudent and careful police officer or supervisor would have done under similar circumstances; and/or

b.    carelessly and recklessly seized and detained plaintiff without a warrant or probable cause; and/or

c.    carelessly and recklessly failed to intervene in the unlawful use of force against plaintiff and his unlawful arrest, detention and prosecution.

18

106.    The negligent actions of the individual defendants directly and proximately caused plaintiff's injuries and damages set forth above.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all defendants:

(a)    a declaration that defendants violated plaintiff's federal civil rights;

(b)    compensatory damages for physical, emotional, and economic injuries suffered by plaintiff by reason of defendants' unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial;

(c)    punitive damages against the individual defendants to the extent allowable by law;

(d)    attorneys fees;

(e)    the costs and disbursements of this action; and

(f)    such other and further relief as appears just and proper.

Dated:          New York, New York
                July 7, 2009

                _____
                Jonathan C. Moore
                jmoore@blhny.com
                Clare Norins
                cnorins@blhny.com
                BELDOCK, LEVINE & HOFFMAN LLP
                99 Park Avenue, Suite 1600
                New York, New York 10016
                (212) 490-0400

David B. Rankin
David@DRMTLaw.com
Mark Taylor
Mark@DRMTLaw.com
Law Office of David B. Rankin
350 Broadway - Suite 700
New York, New York 10013
(212) 226-4507

*Attorneys for Plaintiff*