UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                                          :

CHRISTOPHER LONG,                            :   **<u>ORDER RESOLVING</u>**
                                                                          :   **<u>PLAINTIFF'S MOTION</u>**
                                                                           :   **<u>FOR ATTORNEYS' FEES</u>**
                                            Plaintiff,           :   **<u>AND COSTS</u>**
                                                                           :

                        -against-                                         :
                                                                          :

THE CITY OF NEW YORK; a municipal entity; NEW   :   09 Civ. 6099 (AKH)
YORK CITY POLICE OFFICER PATRICK POGAN
(Shield No. 28957), individually and in his official       :
capacity; and NEW YORK CITY POLICE OFFICER   :
JOHN DOE No. 1 and NEW YORK CITY POLICE
SUPERVISORS RICHARD ROES Nos. 1 & 2,         :
individually and in their official capacities,            :

                                       Defendants.    :
------------------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff Christopher Long brings this motion to recover attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and the terms of the Judgment entered in this case on October 19, 2009.

      Plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging excessive force and unlawful arrest in violation of his rights under the First, Fourth, Fifth and Fourteenth Amendments. Plaintiff alleged that when he was participating in a "Critical Mass" bicycle ride, NYPD Officer Patrick Pogan pushed him off his bicycle without provocation, tackled him when he got to his feet, dragged him to the sidewalk, kneeled on his head and arrested him. He was taken to the precinct where the officers allegedly gave a false account of the events to cover up what had occurred. Plaintiff was held at the precinct until he was arraigned on charges of Attempted Assault, Resisting Arrest, and Disorderly Conduct, and was released on his own recognizance. Shortly after his release, a video of Pogan pushing plaintiff off the bicycle became

public. As a result, the New York County District Attorney dismissed all charges against plaintiff. Pogan was subsequently indicted on felony charges of falsifying a business record and filing a false instrument in connection with plaintiff's arrest. He was convicted on April 29, 2010 in New York County Supreme Court of offering a false instrument for filing.

The City of New York made an offer of judgment to plaintiff on September 23, 2009, pursuant to Rule 68 of the Federal Rules of Civil Procedure for the sum of $65,001.00 plus "reasonable attorneys' fees, expenses and costs to the date of this offer for plaintiff's federal claims, if any, against defendant City of New York or any official , employee, or agent, either past or present, of the City of New York, or any agency thereof, other than former Police Officer Patrick Pogan." The judgment was in full satisfaction of plaintiff's federal and state claims against the City of New York and its officials, employees or agents other than Officer Pogan. Plaintiff accepted the offer on October 7, 2009.

The parties have since been unable to resolve the amount of attorneys' fees, expenses and costs to which plaintiff is entitled. The rulings set out below address certain disputed categories. The parties shall renew their attempt to settle the dispute in light of the rulings below. If they are unable, I will hold a conference.

> (1)   The terms of the Rule 68 offer of judgment limit recoverable fees, costs and expenses to those incurred in pursuit of plaintiff's federal claims. Plaintiff accepted the offer and is bound by its terms. See Tucker v. City of New York, 08 Civ. 4753 (VM), 2010 U.S. Dist LEXIS 30064, at *4-5 (S.D.N.Y. Mar. 25, 2010) ("[T]he Offer of Judgment explicitly . . . encompassed attorneys' fees and costs related only to 'plaintiff's federal claims,' and th[e] issue [of whether plaintiff's counsel is entitled to fees and

expenses incurred in pursuit of state claims] thus should be governed by and decided as a matter of ordinary contract law principles."). As such, plaintiff's counsel is not entitled to compensation for (a) time associated with pleading and pursuing state law claims, (b) time spent drafting and reviewing plaintiff's notice of claim, (c) time associated with plaintiff's 50-h hearing, including client preparation and attendance, and (d) review of plaintiff's 50-h transcript. None of this work was necessary to pursue plaintiff's federal claims.

(2)     Plaintiff's federal claims against the City and associated parties were based on the conduct of Officer Pogan. Plaintiff's counsel is thus entitled to compensation for the time spent in pursuit of the claims against him.

(3)     The rates requested by plaintiff's four attorneys are reasonable. Any hours charged that are unreasonably duplicative must be excised.

(4)     Plaintiff's preparation of initial disclosures and discovery and interrogatory requests was reasonable if only to assess the strength of the case. Accordingly, plaintiff's counsel is entitled to compensation for this work.

(5)     The services that Defendant characterizes as "clerical and administrative," see Deft's Opp. Memo at 18-19 & n.20, were reasonable and proper substantive legal services. Plaintiff's counsel is thus entitled to compensation for the hours spent performing them.

(6) An across-the-board percentage reduction of plaintiff's counsel's time is not warranted. Defendant has not established that the services plaintiff's counsel performed were not reasonably necessary to the outcome of the case. See Tucker v. City of New York, 08 Civ. 4753 (VM) (MHD), 2010 U.S. Dist LEXIS 30270, at *12-13 (S.D.N.Y. Mar. 9, 2010), adopted by Tucker v. City of New York, 2010 U.S. Dist LEXIS 30064.

(7) Finally, plaintiff's counsel is not entitled to fees and expenses for work done preparing and filing this motion. The Rule 68 judgment limited recoverable fees and expenses to those incurred prior to the date of the offer. If the City's dispute over recoverable fees were in bad faith, than compensation for the work necessary for plaintiff's fee application may be justified. No such showing has here been made.

In light of these rulings, the parties are to meet and attempt to settle their fee dispute. They shall report to the court within thirty days, indicating the status of negotiations. If the parties are unable to reach agreement, I will hold a conference. The Clerk shall mark the motion (Doc. No. 19) as terminated.

SO ORDERED.

Dated: August 6, 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4