*Hellerstein, J.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/1/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

CHRISTOPHER LONG,

                                       **Plaintiff,**

-against-

THE CITY OF NEW YORK, a municipal entity; NEW YORK CITY POLICE OFFICER PATRICK POGAN (Shield No. 28957), individually and in his official capacity; and NEW YORK CITY POLICE OFFICER JOHN DOE No. 1 and NEW YORK CITY POLICE SUPERVISORS RICHARD ROES Nos. 1 & 2, individually and in their official capacities,

                                       **Defendants.**

--------------------------------------------------------------- x

09 Civ. 6099 (AKH)

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE OF PLAINTIFF'S ATTORNEYS' FEES AND COSTS**

       **WHEREAS,** plaintiff Christopher Long commenced this action in the Southern District of New York by filing a complaint on or about July 7, 2009, alleging that defendants violated plaintiff's federal civil and state common law rights; and

       **WHEREAS,** defendant City of New York has denied any and all liability arising out of plaintiff's allegations; and

       **WHEREAS,** on September 23, 2009, pursuant to Rule 68 of the Federal Rules of Civil Procedure, defendant City of New York made plaintiff an Offer of Judgment for the total sum of Sixty-Five Thousand and One ($65,001.00) Dollars, plus reasonable attorneys' fees, expenses and costs to the date of that offer for plaintiff's federal claims, if any, against defendant City of New York or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof, other than former Police Officer Patrick Pogan (the "Rule 68 Offer of Judgment"); and

**WHEREAS**, on October 7, 2009, plaintiff accepted defendant City of New York's Rule 68 Offer of Judgment; and

**WHEREAS**, on or about October 19, 2009, the Court entered a Judgment Pursuant to Rule 68 (the "Judgment"); and

**WHEREAS**, in accordance with the Judgment defendant City of New York made timely payment of the total sum of Sixty-Five Thousand and One ($65,001.00) Dollars to plaintiff; and

**WHEREAS**, on or about May 28, 2010, plaintiff brought a motion to recover attorneys' fees, expenses and costs; and

**WHEREAS**, on or about June 24, 2010, defendant City of New York opposed that motion; and

**WHEREAS**, the Court issued an Order Resolving plaintiff's Motion for Attorneys' Fees and Costs dated August 6, 2010, which resolved certain issues the parties raised and directed the parties to attempt to settle their fee dispute; and

**WHEREAS**, on or about August 23, 2010, plaintiff filed a motion seeking reconsideration of the Court's Order dated August 6, 2010; and

**WHEREAS**, the Court issued an Order dated August 24, 2010 denying plaintiff's motion for reconsideration; and

**WHEREAS**, the parties now desire to resolve all outstanding issues in this litigation, including the issue of attorneys' fees, costs and expenses, without further proceedings; and

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED,** by and between the undersigned, as follows:

1. Plaintiff's claims for attorneys' fees, expenses and costs, in the above-referenced action are hereby dismissed in their entirety, with prejudice, and without costs, expenses or fees except as provided in paragraph "2" below.

2. Defendant the City of New York hereby agrees to pay plaintiff the sum of Twenty-Five thousand ($25,000.00) dollars in full satisfaction of plaintiff's claim for attorneys' fees, costs and expenses. In consideration for the payment of this sum, plaintiff agrees to the dismissal, with prejudice, of any and all claims for attorneys' fees, expenses and costs in the above-referenced action, and to release defendant City of New York, and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof, other than former police officer Patrick Pogan, from any and all liability, claims or rights of action arising from, contained in, or related to the complaint in this action, which where were or could have been alleged by plaintiff, including all claims for attorneys' fees, expenses, costs, and any claims for interest.

3. Plaintiff expressly waives any right to appeal any and all orders issued by the Court in the above referenced action, including but not limited to the Court's Orders dated August 6, 2010, and August 24, 2010.

4. Plaintiff shall execute and deliver to defendant City of New York's attorneys all documents necessary to effect this settlement, including, without limitation, a General Release based on the terms of paragraphs 2 and 3 above.

5. Nothing contained herein shall be deemed to be an admission by defendant City of New York that it has in any manner or way performed the acts or omissions alleged in

the complaint herein or that defendant City of New York violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York.

6. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department.

Dated:  New York, New York
        Sept. 21, 2010

BELDOCK LEVINE & HOFFMAN LLP
Jonathan C. Moore, Esq.
Clare Norins, Esq.
99 Park Avenue, Suite 1600
New York, New York 10016
212-490-0400
Attorneys for Plaintiff

By: _____
    Jonathan C. Moore, Esq.
    Clare Norins, Esq.

RANKIN & TAYLOR
David M. Rankin, Esq.
Mark Taylor, Esq.
350 Broadway, Suite 700
New York, New York 10013
212-226-4506
Attorneys for Plaintiff

By: _____
    David M. Rankin, Esq.
    Mark Taylor, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the
    City of New York
Attorney for Defendant City of New York
100 Church Street, Room 3-126
New York, New York 10007
212-788-8342

By: _____  11/15/10
    Jeffrey A. Dougherty, Esq.
    Elizabeth M. Daitz, Esq.

SO ORDERED:

_____
HON. ALVIN K. HELLERSTEIN
United States District Judge

the complaint herein or that defendant City of New York violated plaintiff's rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the City of New York.

6. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation or settlement negotiations.

7. Nothing contained herein shall be deemed to constitute a policy or practice of the City of New York or the New York City Police Department.

Dated:   New York, New York
         _____, 2010


BELDOCK LEVINE & HOFFMAN LLP
Jonathan C. Moore, Esq.
Clare Norins, Esq.
99 Park Avenue, Suite 1600
New York, New York 10016
212-490-0400
Attorneys for Plaintiff

By: _____
    Jonathan C. Moore, Esq.
    Clare Norins, Esq.

RANKIN & TAYLOR
David M. Rankin, Esq.
Mark Taylor, Esq.
350 Broadway, Suite 700
New York, New York 10013
212-226-4506
Attorneys for Plaintiff

By: _____
    David M. Rankin, Esq.
    Mark Taylor, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
Attorney for Defendant City of New York
100 Church Street, Room 3-126
New York, New York 10007
212-788-8342

By: _____ 11/15/10
    Jeffrey A. Dougherty, Esq.
    Elizabeth M. Daitz, Esq.


SO ORDERED: 12/1/10

_____
HON. ALVIN K. HELLERSTEIN
United States District Judge